**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL T. DORSZ,<br><br>                Plaintiff,<br><br>    vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                Defendant. | CASE NO. CV 12-09438 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

      Plaintiff Daniel T. Dorsz alleges that the Administrative Law Judge made two errors: he failed to provide clear and convincing evidence to reject Plaintiff's subjective testimony; and he failed to mention the observations of the Social Security intake professional. The Court addresses each argument in turn.

      The first argument gets little traction. The Administrative Law Judge could not have rejected Plaintiff's testimony, because Plaintiff did not testify, or even appear at the hearing. Indeed, his attorney asked that the hearing go forward without him, because Plaintiff was not an essential witness. [AR 87-88] Although his different attorney in this Court takes a different view, the Administrative Law Judge certainly was entitled to rely on the statement of the attorney appearing before him.

      Relying on *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*), Plaintiff asserts that the Administrative Law Judge was required to give clear and

convincing reasons for rejecting the testimony — which Plaintiff broadens out to the evidence — when Plaintiff described subjective symptoms and there was no evidence of malingering. *Bunnell* concerned assertions of unexpected, excess levels of pain. "[T]he very existence of pain is a completely subjective phenomenon. So is the degree of pain." *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). A mental disorder, such as that from which Plaintiff suffers, is not a subjective symptom, but a condition that can be assessed and diagnosed by medical professionals. The cases concerning subjective symptoms have no applicability here. The proper construct is whether there was substantial evidence to support the decision. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). The answer to that question is yes.

Plaintiff's second argument fares no better. Plaintiff asserts that the Social Security employee who interviewed him noted various symptoms and that the Administrative Law Judge erred by not addressing those observations. Plaintiff relies on a Social Security Ruling that requires such consideration where credibility is at issue, but Social Security Rulings are internal matters and do not have the force of law. *Paxton v. Secretary of Health and Human Servs.*, 856 F.2d 1352, 1356 (9th Cir. 1988). Plaintiff also relies on cases that require the Commissioner to consider lay testimony, *see, e.g., Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993), but there were no such statements here. At most the employee noted his observations of some of Plaintiff's symptoms; these were not probative on any issue, such as residual functional capacity, that the Administrative Law Judge had before him. It was not error for the Administrative Law Judge not to mention them. *Cf. Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (Administrative Law Judge need not discuss all pieces of evidence).

The decision of the Commissioner is affirmed.

DATED: August 19, 2013

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE